REIDUN STRØMSHEIM # 104938
STROMSHEIM & ASSOCIATES
201 California Street, Suite 350
San Francisco, California 94111
Telephone: (415) 989-4100
Fax: (415) 989-2235
rstromsheim@stromsheim.com

Attorneys for Trustee,
JEFFRY G. LOCKE

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re:

COSENTINO WINERY, LLC

Tax ID# 11-1111111

    Debtor

Case No. 10-14006
Chapter 7

(Jointly Administered with
  bankruptcy case No. 10-14008)

## *EX PARTE* APPLICATION FOR ORDER SHORTENING TIME

TO THE HONORABLE CHIEF JUDGE, ALAN JAROSLOVSKY:

COMES NOW, Jeffry G. Locke, the duly appointed trustee in the two Cosentino cases, and requests that the time to give notice of the estate's sale of the existing liquor license of Cosentino Winery, LLC, to Vintage Wine Estates, Inc., for the sum of $10,000, be shortened to ten (10) days.

In support of the application, the Trustee represents as follows:

1. An Order for relief under Chapter 7 of Title 11 of the United States Code was entered herein pursuant to two involuntary voluntary petitions filed against the two Debtors on October 18, 2010, and an order for relief entered on November 9, 2010. Jeffry G. Locke is the duly appointed, qualified and acting trustee of the Debtors' estates.

2. An order of joint administration of the Cosentino Winery, LLC case, and the Cosentino Enterprises, LLC case, was entered on December 3, 2010.

3. Jeffry G. Locke, the Trustee in the two Cosentino cases, has agreed to sell the Liquor License # 396215 held in the name of Cosentino Winery, LLC, to Vintage Wine Estates, Inc. ("VWE"), for the sum of $10,000. Physicians Reciprocal Insurers, through a wholly-owned entitiy ("PRI") was the successful bidder at the trustee's sale of the assets of the Consentino entities, consummated on December 29, 2010, through a credit bid by PRI in the sum of $10,550,000. See Declaration of Reidun Strømsheim ("Stromsheim Declaration"), filed herewith.

4. PRI has sold the assets to VWE, effective December 30, 2010. The Trustee believes that VWE is known to the ABC as the owner/operator of several wineries in the region, and has the ability to apply for and obtain a new license in its own name, for the Cosentino Winery premises. A sale of the existing license for the premises now, however, carries an extra value in that it reduces the time that VWE will have to wait to obtain a new license from the ABC for the Cosentino Winery location. If approved, it will permit VWE to operate at the property at an earlier date than it could have done with a new license. In order to formally approve the transfer of the existing license, the ABC requires submission of a License Transfer Request form, to be signed by the Trustee. See Stromsheim Declaration.

5. The Trustee believes that the sale is in the best interest of the creditors of the estate. The Trustee believes that the type of liquor license in question does not have any inherent value, but value is created by obtaining the license sooner, rather than later. See Stromsheim Declaration.

6. For this reason, VWE is willing to pay a premium for the license, in order to take over the existing license, which is why the Trustee is hereby requesting that an order shortening the time to give notice of the sale to ten (10) days.

7. As matters stand, the Trustee is faced with a bankruptcy estate where the liquor license has turned into the only known asset of the estate. See Stromsheim Declaration.

8. The Trustee does not believe that any creditor will be damaged by the shortening of time. As far as the Trustee knows, this is a space-specific license that cannot be sold to any one else, therefor it is not an asset that the Trustee can market and sell to third parties. Determining exactly what the value of the shortened time could be is exceedingly difficult, but the Trustee believes that the negotiated price, which started at zero, is a good deal for the estate, as well as for

the buying entity.

9. The Trustee, through his accountants, has now been able to prepare mailing addresses for all of the parties that appeared in the Debtors' computer records as vendors, and by adding the parties that have already appeared, the Trustee is able to serve the notice of sale on about 1,000 entities and individuals, ensuring that there is as good notice to affected parties as the Trustee is able to provide, given the current state of the records.

10. The proceeds of the sale will be held in the Cosentino Winery bankruptcy case, pursuant to the Court's order of joint administration.

WHEREFOR the Trustee requests that the time to give notice of the sale of the liquor license be shortened to 10 days.

DATED: January 3, 2011

STROMSHEIM & ASSOCIATES

       /s/       Reidun Strømsheim
Attorneys for Trustee,
JEFFRY G. LOCKE