REIDUN STRØMSHEIM # 104938
STROMSHEIM & ASSOCIATES
201 California Street, Suite 350
San Francisco, California 94111
Telephone: (415) 989-4100
Fax: (415) 989-2235
rstromsheim@stromsheim.com

Attorneys for Trustee,
JEFFRY G. LOCKE

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re:

COSENTINO WINERY, LLC

Tax ID# 11-1111111

      Debtor

Case No. 10-14006
Chapter 7

(Jointly Administered with
  bankruptcy case No. 10-14008)

**DECLARATION OF REIDUN STRØMSHEIM IN SUPPORT OF**
***EX PARTE* APPLICATION FOR ORDER SHORTENING TIME**

I, Reidun Strømsheim, hereby declare:

1. I am an attorney at law, duly admitted to practice before this Court, and one of the attorneys for Jeffry G. Locke, the duly appointed trustee in the two Cosentino cases. The information given herein is based on my personal knowledge as such, and if called as a witness I would and could testify competently hereto.

2. I have assisted the Trustee today in negotiating an agreement to sell the Liquor License # 396215 held in the name of Cosentino Winery, LLC, to Vintage Wine Estates, Inc. ("VWE"), for the sum of $10,000. I am informed and believe that Physicians Reciprocal Insurers, through a wholly-owned entitiy ("PRI") was the successful bidder at the trustee's sale of the assets of the Consentino entities, consummated on December 29, 2010, through a credit bid by PRI in the sum of $10,550,000.

3. I am informed and believe that PRI has sold the assets to VWE, effective December 30, 2010. The Trustee is informed and believes that VWE is known to the ABC as the owner/operator of several wineries in the region, and has the ability to apply for and obtain a new license in its own name, for the Cosentino Winery premises. A sale of the existing license for the premises now, however, carries an extra value in that it reduces the time that VWE will have to wait to obtain a new license from the ABC for the Cosentino Winery location. If approved, it will permit VWE to operate at the property at an earlier date than it could have done with a new license. In order to formally approve the transfer of the existing license, the ABC requires submission of a License Transfer Request form, to be signed by the Trustee.

4. The Trustee believes that the sale is in the best interest of the creditors of the estate. The Trustee believes that the type of liquor license in question does not have any inherent value, but value is created by obtaining the license sooner, rather than later.

5. As matters stand, the Trustee is faced with a bankruptcy estate where the liquor license has turned into the only known asset of the Cosentino Winery estate.

6. The Trustee does not believe that any creditor will be damaged by the shortening of time. As far as the Trustee knows, this is a space-specific license that cannot be sold to any one else, therefor it is not an asset that the Trustee can market and sell to third parties. Determining exactly what the value of the shortened time could be is exceedingly difficult, but the Trustee believes that the negotiated price, which started at zero, is a good deal for the estate, as well as for the buying entity.

7. The Trustee, through his accountants, has now been able to prepare mailing addresses for all of the parties that appeared in the Debtors' computer records as vendors, and by adding the parties that have already appeared, the Trustee is able to serve the notice of sale on about 1,000 entities and individuals, ensuring that there is as good notice to affected parties as the Trustee is able to provide, given the current state of the records.

//

//

//

1  8. The proceeds of the sale will be held in the Cosentino Winery bankruptcy case.

2  I declare under penalty of perjury that the foregoing is true and correct, unless stated on

3  information and belief, and as to those matters I believe them to be true.

4  Executed in the City and County of San Francisco, California, on January 3, 2011.

                                                    /s/            Reidun Strømsheim